IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARREN SMALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-692-SLR |
| | ) |
| WARDEN PHILIP MORGAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Warren Small ("plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3, 10)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips*

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

v. *County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

5. A well-pleaded complaint must contain more than mere labels and conclusions. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion.** Plaintiff alleges that defendant Warden Philip Morgan ("Morgan") "has made a DOC policy" for inmates on isolated confinement that denies access to religious books and allows only one legal book. He further alleges that correctional officers threatened and physical abused him and, that after being informed, Morgan was reluctant to take action. Plaintiff alleges that Morgan allows defendant Lt. Kenneth McMillan ("McMillan") to run disciplinary hearings unfairly and unjustly. He alleges that defendants Robert Ryder and Morgan rubber stamp all of McMillan's decisions.

3

7. Plaintiff alleges that defendants Sgt. J. Lee ("Lee"), Officer R. Moss ("Moss"), Officer Loy ("Loy"), Officer William ("William"), and Lt. Denise Russel ("Russel") were in command of the quick response team and ordered and used excessive force. Plaintiff alleges that, as a result of defendants' actions, he sustained a chipped tooth, sore back, displaced jaw, and a headache that will not go away. Finally, plaintiff alleges that defendant Mental Health Worker Ms. Franny ("Franny") libeled and slandered him, along with other officers, to strip him of his dignity. Plaintiff seeks compensatory damages.[2]

8. **Excessive Force**. Plaintiff alleges that several defendants used excessive force, injuring him. The core judicial inquiry when a prisoner alleges that prison officers used excessive force against the prisoner is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. See *Wilkins v. Gaddy*, 559 U.S. 34 (2010). "In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper

---

[2]While the complaint states that plaintiff did not exhaust his administrative remedies, he filed a supplement to the complaint that contains numerous grievances, many of them exhausted. (*See* D.I. 10) At this juncture, the court is unable to discern whether plaintiff exhausted all administrative remedies prior to filing his complaint as is required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).

4

the severity of a forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

9. While the instant complaint alleges excessive force, it does not indicate when or where the alleged unlawful acts occurred. Nor does it describe the alleged acts by defendants or how each defendant injured him. The excessive force claims, as they now stand, fail to state a claim upon which relief may be granted. Therefore, the court will dismiss the excessive force claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(B)(1).

10. **Remaining Claims**. Plaintiff attempts to raise a state claim under Delaware that he was libeled and slandered by Franny, along with other officers. Plaintiff alleges that McMillan runs disciplinary hearings unfairly and unjustly and that Ryder and Morgan rubber-stamp all of McMillan's decisions, which liberally construed might allege violations of the right to due process during the disciplinary process. Plaintiff alleges that Morgan implemented a policy that denies access to religious books and allows only one legal book while an inmate is in isolated confinement. Finally, plaintiff alleges that Morgan was reluctant to take any action after he was informed plaintiff had been threatened and abused. The foregoing claims are pled in a conclusory manner without supporting facts in derogation of *Iqbal* and *Twombly*. Therefore, the court will dismiss the claims for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(B)(1).

11. **Conclusion**. For the above reasons, the court will: (1) deny as moot plaintiff's motion to stay (D.I. 8); and (2) dismiss the complaint (D.I. 3, 10) as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

5

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that plaintiff may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: October 8, 2014