IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARREN SMALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.14-692-SLR |
| | ) |
| WARDEN PHILIP MORGAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Warren Small ("plaintiff"), an inmate at the Howard R. Young Correctional Institution, proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this complaint on June 2, 2014 pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3) The court screened the complaint and plaintiff was given leave to amend. An amended complaint was filed on January 15, 2015. (D.I. 15)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Plaintiff filed the original complaint on a form that listed the party defendants. (*See* D.I. 3) The amended complaint does not specifically identify defendants. Therefore, the court presumes that plaintiff intends to name the same defendants as those listed in the original complaint. On March 6, 2014, defendants C/O R. Massi ("Massi")[2] and C/O Loy ("Loy") were collecting food trays. Plaintiff called

---

[2] It appears that R. Moss, named in the original complaint, and R. Massi are the same individuals.

3

Massi a liar as a result of an exchange they had on March 1, 2014.[3] Massi and Loy sprayed plaintiff with Vexor (i.e., pepper spray"). Plaintiff alleges that he was behind a locked door and posed no threat to either officer.

7. A disciplinary hearing was held on March 7, 2014 before defendant Lt. Kenneth McMillian ("McMillian"). Plaintiff had received three write-ups and alleges that he only received copies for two of them. He also alleges that he was not allowed to confront his witnesses or appeal the findings of the disciplinary hearing. On March 17, 2014, plaintiff submitted a grievance complaining that he was not provided with an appeal form and he also wrote a letter to defendant Warden Philip Morgan ("Morgan"). (See D.I. 10, ex.)

8. On March 10, 2014, plaintiff spoke to defendant mental health worker Franny ("Franny") about his refusal to eat, after Franny apparently learned that plaintiff had injured himself. Plaintiff was taken to medical and then returned to 2M-pod. He alleges that upon his return he was shackled and cuffed for no reason and then beaten and shocked while he lay in a fetal position. Plaintiff received a write-up which he saw only briefly when defendant Sergeant J. Lee ("Lee") held it up to the window. A disciplinary hearing was held. Plaintiff alleges that he did not see a copy of the write-up until he was given one on April 2, 2014 when his appeal was denied.[4] Plaintiff was sanctioned to sixty days in solitary confinement and lost twenty days of good time.

---

[3] After plaintiff was transferred to 2M-pod, he refused to eat until he received proper clothing.

[4] Plaintiff alleges that he has never seen the appeal and that it is obvious that someone else must have submitted it.

9. On April 2, 2014, plaintiff was sprayed by C/O Hicks ("Hicks")[5] after plaintiff apparently snatched some paper and tore it up. Plaintiff was locked into his cell and alleges that he was severely beaten by the quick response team ("QRT") that was under the command of defendant Lieutenant William ("William"). On May 17, 2014, plaintiff was transferred from 2M-pod to 2C-pod. He alleges that he was thrown on his face by C/O Gayheard ("Gayheard").[6] Plaintiff also alleges that Gayheard continuously bends his fingers when he puts plaintiff in handcuffs.

10. The remaining allegations in the amended complaint refer to acts that took place after the filing of the original complaint and are not considered by the court.[7] Plaintiff seeks compensatory damages and restoration of his loss of good time credits.

11. **Personal involvement/respondeat superior.** Named as defendants are Robert Ryder ("Ryder"), Lieutenant Denise Russel ("Russel"), and C/O Harris ("Harris"). The amended complaint, however, contains no allegations directed towards them. In addition, it appears that Morgan and William are named as defendants based upon their supervisory positions. As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Iqbal*, 556 U.S. 662; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have

---

[5] Hicks is not a named defendant.

[6] Gayheard is not a named defendant.

[7] The allegations that took place after June 2, 2014 (when the original complaint was filed) refer to individuals who were not named as defendants in the original complaint. Plaintiff always has available to him the option of initiating a new case.

5

personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities. *See Iqbal*, 556 U.S. at 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id*. The amended complaint raises no cognizable claims against Morgan, Ryder, William, Russel, or Harris. Therefore, the court will dismiss the claims against them as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

12. **Due process**. Plaintiff alleges that McMillan was the hearing officer for three write-ups plaintiff received and that Lee showed plaintiff a write-up through a window, but would not give it to him. It is well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A prison disciplinary hearing satisfies federal due process if the prison provides the inmate with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and present documentary evidence in his defense when doing so will not be unduly hazardous to institutional safety or correctional goals. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-64); *Griffin v. Spratt*, 969 F.2d 16, 19-20 (3d Cir.

6

1992). In addition, the disciplinary decision must be supported by at least "some evidence." *Hill*, 472 U.S. at 455.

13. Here, plaintiff alleges that he was not provided notices of the charges and that he was not allowed to confront witnesses. Although the federal Constitution requires that plaintiff be provided the opportunity to prepare a defense, this does not translate into an unfettered right to confront and cross-examine adverse witnesses. *See Wolff*, 418 U.S. at 566. Indeed, "there is no [federal] constitutional requirement that prison authorities permit a prisoner to confront and cross-examine adverse witnesses." *Griffin v. Spratt*, 768 F. Supp. 153, 158 (E.D. Pa. 1991), *rev'd in part*, 969 F.2d 161 (3d Cir. 1992); *Wolff*, 418 U.S. at 567-58; *Baxter v. Palmigiano*, 425 U.S. 308, 321-22 (1976) (noting that the decision to permit an inmate to confront and cross-examine witnesses at a disciplinary hearing rests within the sound discretion of state prison official); *Young v. Kann*, 926 F.2d 1396, 1404 (3d Cir. 1991) (noting that there is no "absolute right to confront and cross-examine witnesses at a prison disciplinary hearing") (citations omitted). Consequently, the allegations that plaintiff was not allowed to confront witnesses fail to state a cognizable claim for relief and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) as frivolous. Plaintiff, however, will be allowed to proceed with his claims against McMillan and Lee that he was not timely provided with notice of the charges against him.

14. **Mental health**. Plaintiff states that he spoke to Franny about his refusal to eat. The allegations do not rise to the level of a constitutional violation and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

7

15. **Excessive Force.** Plaintiff may proceed with his excessive force claims against Loy and Massi.

16. **Conclusion.** For the above reasons, the court will: (1) dismiss all claims against Morgan, Ryder, William, Russel, Franny, and Harris as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); (2) dismiss the failure to confront witnesses due process claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); (3) allow plaintiff to proceed on the due process notice claims against McMillan and Lee; and (4) allow plaintiff to proceed with excessive force claims against Massi and Loy. A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: April __, 2015